Curia, per DuNicin, Ch.
In the argument at the hearing in the circuit court, it was insisted, on the part of the devisees of Rowland Rugeley, that, as the heirs of Henry Rugeley had refused to concur in carrying the trust into effect, and had exacted from the trustees a valuable consideration for the release of their right, every possible or contingent claim on their part was thereby extinguished — that their ancestor, Henry Rugeley, had conveyed the lands to trustees for the purpose of being sold, and of paying the debts of Rowland and Henry Rugeley;— that the heirs could, therefore, have no other claim but their right to the residue, and this contingent right was released by the deed of 1818, in favor of the other parties interested in the fund. There was much to sustain this view of the transaction. But the court regarded it as a contract between trustee and ces-tui que trust, and which could not be insisted on to the disadvantage of the latter, — that the trustee stood in a fiduciary relation, both to the heirs of Henry Rugeley and the devisees of *161 Rowland Rugeley, and could make no bargains to the prejudice of either. But, if the contract is to be opened, it is quite clear that the consideration money must be brought into the account.
A testator devises his estate to his executors for the payment of his debts, who accordingly sell the estate for thirty thousand dollars. One of the heirs suggests some real or imaginary doubt as to the authority of the executors, which is sufficient, however, to interrupt the completion of the contract. He, in consideration of receiving ten thousand dollars of the purchase money from the executors, withdraws his objection, or releases his interest. His co-heir does the same gratuitously. The supposed debts of the testator are proved to have been paid, or are abandoned. The twenty thousand dollars, which remain in the hands of the executors, are now to be apportioned.
In such case, it would be difficult to maintain that the heir, who had already received one-third of his father’s estate, should divide the residue equally with his co-heir, who had received nothing. Whether, if the twenty thousand dollars had been exhausted in payment of debts, the co-heir could call for an account of the ten thousand dollars, is not now the inquiry. But he who asks the aid of this court, must conform to its principles.
There was no evidence before the court as to the amount of funds received by the former trustee, or of his disbursements. It was only in evidence, that the amount paid to the heirs of Henry Rugeley, was part of the fund received for the sales of the lands. This was a common fund, to which the devisees of Rowland Rugeley were equally entitled, and, in distributing the surplus, they should first be placed on an equality with the heirs of Henry Rugeley.
The appeal is dismissed.
Johnson, Ch. concurred.